UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHEMMORO, INC.,

    Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

Civil Action No.
08-CV-11576

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is presently before the court on defendants' motion to dismiss the complaint for lack of subject matter jurisdiction [docket entry 6]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

Plaintiff, which operates a grocery store in Detroit, Michigan, has brought this action to challenge a decision of the United States Department of Agriculture's Food and Nutrition Service ("FNS") disqualifying plaintiff for three years from participating in the federal food stamp program. Defendants imposed this sanction in March 2008 pursuant to 7 U.S.C. § 2021(g) and 7 C.F.R. § 278.6(e)(8)(I), which require participants in the federal food stamp program to be disqualified if they are disqualified from participating in the state-run Women, Infants and Children ("WIC") nutrition program. In March 2006, plaintiff was disqualified from participating in the WIC program for three years after state investigators discovered that plaintiff had been overcharging WIC customers. A final decision to this effect was issued by the Administrative Tribunal for the Michigan Department of Community Health on March 14, 2006. *See* Dfts' Ex. A. Plaintiff sought review in Wayne

County Circuit Court, which affirmed the decision in a bench ruling on October 2, 2006. *See* Dfts' Ex. B. On May 9 and September 25, 2007, respectively, the Michigan Court of Appeals and the Michigan Supreme Court declined to review the matter. *See* Dfts' Ex. C and D. On March 13, 2008, after giving plaintiff notice and an opportunity to be heard, the FNS disqualified plaintiff from participating in the federal food stamp program based on plaintiff's disqualification from the WIC program. *See* Dfts' Ex. E - J.

While plaintiff has brought this action to obtain "review of and relief from the administrative decision . . . and for a stay of the administrative order pending a full hearing *de novo* in this matter for remand for administrative hearing and an Order to restore food stamp acceptance to Plaintiff pending these proceedings," Complaint, p. 1, defendants correctly note that the court lacks jurisdiction to afford any such relief. When a retail food store, such as plaintiff, is disqualified from participating in the federal food stamp program based on the store having been disqualified from participating in the WIC program, no "judicial or administrative review" is available. 7 U.S.C. § 2021(g)(2)(c). In a factually identical case, Chief Judge Bell of Michigan's Western District recently dismissed the complaint for lack of subject matter jurisdiction pursuant to § 2021(g)(2)(c). Judge Bell stated:

> Congress has conditionally waived its sovereign immunity and permitted retailers involved in the Food Stamp Program to obtain judicial review of disqualification decisions through 7 U.S.C. § 2023(a). However, the Food Stamp Act contains an exception to § 2023. When a retailer is disqualified from the WIC Program, the Food Stamp Act provides for a mandatory reciprocal disqualification from the Food Stamp Program:
>
> > (g) Disqualification of retailers who are disqualified under the WIC program

(1) In general

The Secretary shall issue regulations providing criteria for the disqualification under this chapter of an approved retail food store or a wholesale food concern that is disqualified from accepting benefits under the special supplemental nutrition program for women, infants, and children established under section 1786 of Title 42.

7 U.S.C. § 2021(g)(1). When a retailer is disqualified from the Food Stamp Program under this section, the statute provides that the disqualification is not subject to judicial review:

A disqualification under paragraph (1)-

(A) shall be for the same length of time as the disqualification from the program referred to in paragraph (1);

(B) may begin at a later date than the disqualification from the program referred to in paragraph (1); and

(C) notwithstanding section 2023 of this title, **shall not be subject to judicial or administrative review**.

7 U.S.C. § 2021(g)(2) (emphasis added).

The implementing regulations are consistent with the statute. The regulations provide that "FNS **shall disqualify** from the Food Stamp Program any firm which is disqualified from the WIC Program." 7 C.F.R. § 278.6(e)(8) (emphasis added). With respect to judicial review the regulations provide that "**Except** for firms disqualified from the program in accordance with § 278.6(e)(8)," (i.e., in accordance with a WIC disqualification), the firm may obtain judicial review of the determination. 7 C.F.R. § 279.7 (emphasis added). The Food Stamp Act and its implementing regulations expressly and unambiguously preclude judicial review of a store's mandatory reciprocal disqualification from the Food Stamp Program triggered by the store's disqualification from the WIC Program.

\* \* \*

> Furthermore, Plaintiff's argument that it should be able to circumvent § 2021(g)(2)'s prohibition of judicial review simply because it disagrees with the basis for its disqualification from the WIC Program would render § 2021(g)(2) meaningless. An entity disqualified from the WIC Program could always argue that its disqualification from the WIC program was not proper or was not "in accordance with" the law in order to avoid the jurisdictional bar. This is not what Congress intended.

*Dasmesh Enters., Inc. v. United States*, 501 F. Supp.2d 1033, 1037-39 (W.D. Mich. 2007) (citations omitted; emphasis in original). The court adopts the reasoning and analysis of this exceptionally thorough and thoughtful opinion.

Plaintiff's response does not offer any basis for avoiding the conclusion reached in *Dasmesh*. Without any citation to authority, plaintiff asserts it "invokes its right to have a trial *de novo* in this matter." Pltf's Response, p. 6. Essentially plaintiff argues that its disqualification from the WIC program was unfair and that its disqualification from the food stamp program compounded the unfairness. But as Judge Bell indicated, the mere fact that plaintiff "disagrees with the basis for its disqualification from the WIC Program" is irrelevant. Whether fair or unfair, disqualification from the food stamp program is statutorily required upon disqualification from the WIC program. Plaintiff has cited no statute or case authority that would permit the court to conclude otherwise.

For the reasons stated above, the court finds that it lacks subject matter jurisdiction. Plaintiff had ample opportunity to challenge its disqualification from the WIC program, and it availed itself of that opportunity. Plaintiff's resultant disqualification from the federal food stamp program was automatic and is not reviewable. Accordingly,

4

IT IS ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

        s/Bernard A. Friedman
        Bernard A. Friedman
        United States District Judge

Dated: July 9, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2008, by electronic and/or ordinary mail.

        s/Carol Mullins
        Case Manager